[Cite as *State v. Smith*, 2012-Ohio-338.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO

      Plaintiff-Appellee

-vs-

GRAYSON E. SMITH

      Defendant-Appellant

JUDGES:
Hon. Patricia A. Delaney, P.J.
Hon. W. Scott Gwin, J.
Hon. William B. Hoffman, J.

Case No. 11-COA-030

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Ashland County Common Pleas Court, Case No. 11-CRI-031 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | January 27, 2012 |
| APPEARANCES: | |

| For Plaintiff-Appellee | For Defendant-Appellant |
|---|---|
| RAMONA FRANCESCONI ROGERS<br>Ashland County Prosecutor<br>110 Cottage Street<br>Ashland, Ohio 44805 | DAVID R. STIMPERT<br>David R. Stimpert, Attorney at Law, LLC<br>10 East Main Street<br>Ashland, Ohio 44805 |
| PAUL T. LANGE<br>Assistant Prosecuting Attorney<br>110 Cottage Street<br>Ashland, Ohio 44805 | |

*Hoffman, J.*

**(¶1)** Defendant-appellant Grayson E. Smith appeals his sentence entered by the Ashland County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE CASE

**(¶2)** On May 2, 2011, Appellant entered a negotiated plea in the Ashland County Court of Common Pleas to one count of burglary, in violation of R.C. 2911.12(A)(3), a felony of the third degree; one count of breaking and entering, in violation of R.C. 2911.13(A), a felony of the fifth degree; and one count of theft, in violation of R.C. 2913.02(A)(1), a felony of the fifth degree.

**(¶3)** The trial court accepted Appellant's plea, and further found Appellant guilty of the charges. The trial court scheduled a sentencing hearing for July 11, 2011.

**(¶4)** Via Sentencing Entry of, July 13, 2011, the trial court sentenced Appellant. On Count I, burglary, the trial court sentenced Appellant to three years supervision with the Department of Rehabilitation and Corrections, plus $1000 fine; as to Count II, breaking and entering, the trial court imposed six months supervision with the Department of Rehabilitation and Corrections, to be served consecutive to the sentence on the first count, plus a $500 fine; and on Count III, theft, six months supervision to be served consecutive to the other counts, plus a $500 fine, and court costs.

**(¶5)** Appellant now appeals, assigning as error:

**(¶6)** "THE COURT OF COMMON PLEAS OF ASHLAND COUNTY, OHIO, IMPOSED CONSECUTIVE SENTENCES UPON DEFENDANT/APPELLANT PURSUANT TO OHIO REVISED CODE SECTION 2929.14(E); SAID CONSECUTIVE

SENTENCES WERE CLEARLY AND CONVINCINGLY CONTRARY TO LAW AND/OR AN ABUSE OF THE TRIAL COURT'S DISCRETION."

**(¶7)** The Supreme Court of Ohio in *State v. Kalish,* 120 Ohio St.3d 23, 2008–Ohio–4912 set forth a two step process for examining felony sentences. The first step is to "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." *Kalish* at ¶ 4. If this first step "is satisfied," the second step requires the trial court's decision be "reviewed under an abuse-of-discretion standard." *Id.*

**(¶8)** The relevant sentencing law is now controlled by the Ohio Supreme Court's decision in *State v. Foster,* i.e. " * * * trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." 109 Ohio St.3d 1, 30, 2006–Ohio–856 at ¶ 100, 845 N.E.2d 470, 498.

**(¶9)** The record herein reflects Appellant was sentenced to three years supervision on the third degree felony burglary charge, six months supervision on the fifth degree felony breaking and entering charge, and six months supervision on the fifth degree felony theft charge. Accordingly, the sentences are within the statutory guidelines and parameters for felony sentencing.

**(¶10)** The record further reflects the trial court considered the purposes and principles of sentencing and the seriousness and recidivism factors as required in Sections 2929.11 and 2929.12 of the Ohio Revised Code and advised Appellant regarding post release control. Therefore, the sentences are not clearly and convincingly contrary to law.

**(¶11)** At the sentencing hearing, the trial court stated on the record:

**(¶12)** "The Court has considered the statutory factors set forth in Section 2929.12 of the Revised Code, as well as the factors set forth in 2929.13 of the Revised Code as it relates to F-4 and F-5 offenses, and after weighing the seriousness and recidivism factors, I am finding that prison is consistent with the purposes and principles of the Sentencing Statutes. I am further finding that you are not amenable to available control sanctions. And I want to note that the charges arising out of the Elyria Municipal Court are almost a carbon copy of the charges that you are now facing in this Court. So it's obvious that a Community Control Sanction as issued in Elyria did not refrain you from conducting yourself in this situation, in the same manner in which you previously conducted yourself.

**(¶13)** "And you were still on probation at that time and I note in the PSI, it points out that, in fact, you were not complying with the terms of your probation. In fact it states that the offender was on supervision out of Elyria Municipal Court at the time of the instant offense, and he never responded or complied with the probation terms.

**(¶14)** "The Court makes a further finding that apparently since you decided to continue to engage in this activity, that consecutive terms are appropriate and are necessary to protect the public to stop this type of activity, and I am finding that you have the future ability to be employed and pay financial sanctions in this matter."

**(¶15)** Tr. at 6-7.

**(¶16)** Having determined the sentence is not contrary to law we must now review the sentence pursuant to an abuse of discretion standard. *Kalish* at ¶ 4; *State v.*

*Firouzmandi,* supra at ¶ 40. In reviewing the record, we find that the trial court gave careful and substantial deliberation to the relevant statutory considerations.

(¶17) The Supreme Court of Ohio held in *State v. Hodge,* 128 Ohio St.3d 1, 2010–Ohio–6320, "For all the foregoing reasons, we hold that the decision of the United States Supreme Court in *Oregon v. Ice* [ (2009), 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517], does not revive Ohio's former consecutive-sentencing statutory provisions, R.C. 2929.14(E)(4) and 2929.41(A), which were held unconstitutional in *State v. Foster.* Because the statutory provisions are not revived, trial court judges are not obligated to engage in judicial fact-finding prior to imposing consecutive sentences unless the General Assembly enacts new legislation requiring that findings be made." See, *State v. Fry,* Delaware App. No. 10CAA090068, 2011–Ohio–2022 at ¶ 16–17.

(¶18) Based upon the above, we find the trial court did not abuse its discretion in imposing consecutive sentences. Appellant's sole assignment of error is overruled

(¶19) Appellant's sentence entered by the Ashland County Court of Common Pleas is affirmed.

By: Hoffman, J.

Delaney, P.J. and

Gwin, J. concur

s/ William B. Hoffman _____
HON. WILLIAM B. HOFFMAN


s/ Patricia A. Delaney _____
HON. PATRICIA A. DELANEY


s/ W. Scott Gwin _____
HON. W. SCOTT GWIN

IN THE COURT OF APPEALS FOR ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| GRAYSON E. SMITH | : | |
| | : | |
| Defendant-Appellant | : | Case No. 11-COA-030 |

For the reasons stated in our accompanying Opinion, Appellant's sentence entered by the Ashland County Court of Common Pleas is affirmed. Costs to Appellant.


s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY


s/ W. Scott Gwin_____
HON. W. SCOTT GWIN